FILED

JUN 26 2023

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>SUNERGY CALIFORNIA LLC,<br>　　　　　Debtor. | BAP No. EC-22-1230-GCB<br><br>Bk. No. 21-20172 |
| GONZALEZ & GONZALEZ LAW, P.C.,<br>　　　　　Appellant,<br>v.<br>UNITED STATES TRUSTEE,<br>SACRAMENTO; HANK SPACONE,<br>Post-Confirmation Trustee,<br>　　　　　Appellees. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Christopher M. Klein, Bankruptcy Judge, Presiding

Before: GAN, CORBIT, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Appellant Gonzalez & Gonzalez Law, P.C. ("G&G"), general

bankruptcy counsel to chapter 11[1] debtor Sunergy California LLC

---

　　*This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

　　[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

("Debtor"), appeals the bankruptcy court's order disallowing compensation under § 330 for G&G's fees incurred after the court appointed a chapter 11 trustee ("Trustee"). Debtor appealed the order appointing Trustee, but after its requests for a stay pending appeal were denied, it voluntarily dismissed the appeal.

The bankruptcy court bifurcated G&G's final fee application and denied all fees incurred after Trustee's appointment. The court reasoned that G&G's role as counsel for the debtor in possession ceased upon Trustee's appointment, and under the holding of *Lamie v. United States Trustee*, 540 U.S. 526 (2004), an award of fees for services rendered post-appointment required G&G to be employed by Trustee, which did not occur.

G&G agrees that the holding of *Lamie* is applicable, and it concedes that the order appointing Trustee was final, but nevertheless argues that the order was not "conclusively final" for purposes of allowing fees because it could have been reversed on appeal.

The bankruptcy court correctly applied the law, and G&G does not demonstrate error. Accordingly, we AFFIRM.

## FACTS

Debtor, a solar photovoltaic module manufacturer, filed a chapter 11 petition in January 2021. Pursuant to § 327, the bankruptcy court approved Debtor's application to employ G&G as general bankruptcy counsel. In

March 2021, the United States Trustee ("UST") appointed a committee of unsecured creditors (the "Committee") pursuant to § 1102(a).

In July 2021, the Committee filed a motion to appoint a chapter 11 trustee. The Committee argued that Debtor did not appear to be operating and was not moving the case forward in a productive manner. It stated that Debtor rebuffed its proposals and unilaterally demanded that the Committee acquiesce to proposed debtor in possession financing ("DIP Financing") despite Debtor's refusal to provide financial documents or respond to the Committee's Rule 2004 requests.

In response, Debtor filed a motion for approval of DIP Financing, which it believed would facilitate a plan of reorganization. Debtor also opposed the Committee's motion and argued that the best interests of the estate would be better served by avoiding the increased administrative expense of a trustee.

After a hearing, the bankruptcy court determined that appointing a chapter 11 trustee was in the best interests of creditors, and it granted the Committee's motion pursuant to § 1104(a)(2). Debtor filed a timely notice of appeal on August 10, 2021. Pursuant to § 1104(d), the UST selected Jeffrey Perea to serve as Trustee, and the court approved Perea's appointment on August 11, 2021.

On August 12, 2021, Debtor filed a motion to stay Trustee's appointment pending resolution of the appeal. The bankruptcy court denied the motion. Debtor then filed a motion for a stay pending appeal in

the United States District Court for the Eastern District of California ("District Court"). After the District Court denied the motion, Debtor voluntarily dismissed its appeal.[2]

In June 2022, Trustee and the Committee filed a joint chapter 11 plan which provided for a post-confirmation trustee to liquidate Debtor's assets, pursue litigation, object to claims, and make distributions to creditors. No party in interest objected. The bankruptcy court confirmed the plan and appointed Hank Spacone as post-confirmation trustee.

After confirmation, G&G filed a final fee application under § 330, seeking approval of fees in the total amount of $132,539.50 and costs of $7,046.42. UST and Spacone each objected.

UST opposed approval of fees incurred after Trustee was appointed on August 11, 2021, and argued that, under the holding of *Lamie*, G&G could not be compensated unless it was employed by Trustee. UST also objected to allowance of $5,220 in fees—incurred after the court granted the motion but prior to Trustee's appointment—related to Debtor's efforts to

---

[2] In denying the stay pending appeal, the District Court noted that Debtor's argument was premised on a mistaken belief that the bankruptcy court found cause to appoint a trustee under § 1104(a)(1), without an evidentiary basis for fraud, gross mismanagement, or incompetence. The District Court held that Debtor fell "well short" of demonstrating likely success on the merits because the bankruptcy court relied on § 1104(a)(2), which affords the court broad discretion to determine the best interests of creditors and the estate, and Debtor acknowledged in its motion that the bankruptcy court appointed a trustee because of the "united resistance of the creditor body and the best interests of the estate."

appeal the appointment order and to seek approval of DIP Financing because those efforts lacked any apparent benefit to the estate.

Spacone also objected to approval of any fees incurred after Trustee's appointment and further argued that an additional $15,435 in fees incurred prior to the appointment did not benefit the estate and should be disallowed. Spacone requested that the court deny any final award of fees until he could investigate potential affirmative claims against G&G.

In response, G&G conceded that its fee request should be reduced for fees incurred after Debtor dismissed its appeal on November 11, 2021, but it disputed that all post-appointment fees should be disallowed because the appointment order was not final until the conclusion of the appeal. It argued that its efforts to obtain DIP Financing and to appeal the appointment order had a reasonable chance of success which outweighed the costs in pursuing the actions, and G&G was fulfilling its fiduciary duty to the estate. G&G strenuously objected to Spacone's suggestion that it was involved in any impropriety, and it made evidentiary objections to statements made in Spacone's objection and to his attached exhibit.

At the hearing, Spacone requested a continuance to conduct discovery related to potential wrongdoing by G&G. The bankruptcy court determined that the objections to pre-appointment fees would require an evidentiary hearing. The bankruptcy court took the matter under advisement and issued a written decision and order bifurcating the application, pursuant to Civil Rule 42(b), made applicable by Rules 7042

5

and 9014, between fees for services rendered prior to Trustee's appointment on August 11, 2021, and services rendered after the appointment. *In re Sunergy Cal. LLC*, 646 B.R. 840, (Bankr. E.D. Cal. 2022).

The bankruptcy court sustained the objections and disallowed fees and costs of $25,506 incurred after August 11, 2021. *Id.* at 846. The court reasoned that G&G's role as counsel for the debtor in possession ceased upon Trustee's appointment and an appeal from an unstayed order did not delay the loss of debtor in possession status. *Id*. at 843-44.

The court held that, under the holding of *Lamie*, G&G's services after Trustee's appointment were not compensable because it was not separately employed by Trustee pursuant to § 327. *Id.* The court further held that post-appointment services were not reasonably likely to benefit the estate or necessary to administration of the estate, and this holding formed an independent basis to sustain the objections. *Id.* at 846. The court certified its order as final under Civil Rule 54(b), made applicable by Rules 7054 and 9014, and G&G timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion by denying G&G's fee application for services rendered after appointment of Trustee?

## STANDARD OF REVIEW

We review for abuse of discretion a bankruptcy court's order denying fees under § 330(a). *See Hopkins v. Asset Acceptance LLC (In re Salgado-Nava)*, 473 B.R. 911, 915 (9th Cir. BAP 2012). To determine whether a bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## DISCUSSION

### A.    Legal standards for compensation of estate professionals

Filing a bankruptcy petition creates an estate comprised, with certain exceptions, of all legal or equitable interests of the debtor in property as of the petition date. 11 U.S.C. § 541(a). Chapter 11 debtors retain control of the bankruptcy estate and their business operations as "debtors in possession," and are vested with the powers and duties of a trustee. 11 U.S.C. §§ 1101; 1107; 1108.

Section 327 authorizes a trustee or debtor in possession, with the court's approval, to employ professional persons, "to represent or assist the trustee in carrying out the trustee's duties." Compensation of estate professionals, including an attorney for the debtor in possession, is

governed by § 330(a). That section provides that the court may award "reasonable compensation for actual, necessary services" provided by the attorney. 11 U.S.C. § 330(a)(1)(A). Fees awarded under § 330(a) become an administrative expense of the estate which must be paid prior to general unsecured claims. 11 U.S.C. §§ 503(b)(2); 507(a)(2).

In awarding compensation, the court must consider the nature, extent, and value of the services, considering criteria listed in the statute. 11 U.S.C. § 330(a)(3). The court may not award fees for unnecessary duplication of effort or for services that were not reasonably likely to benefit the estate or were unnecessary for case administration. 11 U.S.C. § 330(a)(4).

Pursuant to § 1104, the bankruptcy court may order the appointment of a chapter 11 trustee.[3] After the court enters such an order, the UST appoints a disinterested person to serve as chapter 11 trustee after consulting with parties in interest. 11 U.S.C. § 1104(d). Upon court approval of the UST's appointment, the chapter 11 trustee becomes the sole

---

[3] Section 1104(a) provides:

At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . or

(2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate . . . .

representative of the estate; the debtor in possession is divested of control of the estate, including the authority to employ attorneys and estate professionals on behalf of the estate. *See* 11 U.S.C. §§ 323; 1101(1).

In *Lamie*, the Supreme Court held that § 330(a) prohibits an award of compensation to a debtor's attorney after a chapter 7 trustee is appointed, unless the attorney is employed by the trustee under § 327. 540 U.S. at 538-39. The Supreme Court reasoned that conversion to chapter 7 "terminated [the debtor's] status as debtor-in-possession and so terminated petitioner's service under § 327 as an attorney for the debtor-in-possession." *Id.* at 532.

The reasoning of *Lamie* is equally applicable to appointment of a chapter 11 trustee. Upon the chapter 11 trustee's appointment, the debtor ceases to be a debtor in possession, and its attorney's service under § 327 terminates.

## B. The bankruptcy court did not err by denying fees incurred after the appointment of the chapter 11 trustee.

G&G concedes that the order approving the chapter 11 trustee's appointment was final for purposes of enforcement and appeal, but it confusingly argues that the bankruptcy court erred because the order was not "final" for purposes of allowing its fees. G&G maintains that it had an ethical obligation as Debtor's counsel to pursue the appeal and, because the order could have been reversed, its fees incurred in filing the appeal should be allowed.

As the bankruptcy court thoroughly explained, the order appointing Trustee was enforceable when rendered, and the procedural mechanism to delay enforcement of a federal court order is a stay pending appeal. *In re Sunergy Cal. LLC*, 646 B.R. at 844. Debtor sought a stay pending appeal from the bankruptcy court and the District Court; both motions were denied. Trustee became the sole representative of the estate after he qualified as a trustee pursuant to § 323 and the court approved his appointment on August 11, 2021.

As the bankruptcy court explained, G&G's argument that Debtor remained as debtor in possession until dismissal of the appeal contradicts § 1101(a) which defines a debtor in possession as: "debtor except when a person that has qualified under section 322 of this title is serving as trustee in the case." *Id.*

G&G claims that there is no controlling precedent that resolves the question. We disagree. *Lamie* conclusively resolves the question because the appointment of a trustee terminates the debtor's status as debtor in possession and its attorney's service under § 327.

G&G argues that there was a reasonable basis for opposing Trustee's appointment and it had legal and ethical obligations to adhere to its client's directions to pursue the appeal. It asserts that it should not be penalized merely because its efforts were unsuccessful. But after Debtor was no longer debtor in possession, G&G's services were on behalf of Debtor, not the estate. G&G does not provide any cogent argument why it should be

10

compensated by the estate for services rendered to Debtor after it ceased being the estate's representative.

G&G was not employed by Trustee under § 327. Consequently, its post-appointment services are not compensable by the estate under § 330.[4]

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order disallowing fees after appointment of the chapter 11 trustee.

---

[4] Though we affirm the bankruptcy court's holding that G&G cannot be compensated for post-appointment services without separate employment by Trustee, and thus do not need to reach the court's alternative basis to disallow post-appointment fees, we agree with the court's reasoning. G&G has not demonstrated that the bankruptcy court erred in its determination that G&G failed to satisfy its burden to prove post-appointment services were reasonably likely to benefit the estate or necessary to administration of the case.